# In the United States Court of Federal Claims

No. 20-1433C
Filed: November 12, 2020

|  |
|---|
| **IVAN RAY BEGAY,**<br><br>        *Plaintiff,*<br><br>v.<br><br>**THE UNITED STATES,**<br><br>        *Defendant.* |

## ORDER DISMISSING

**TAPP, Judge.**

      In a broadside leveled against not less than 21 agency and individual defendants, Plaintiff, Ivan Ray Begay ("Begay"), seeks entry of an order compelling state and federal officials to generate a vexing variety of forensic reports and affidavits, as well as pay over approximately $50,000,000 in damages, arising from his 302 month sentence of imprisonment and conviction for aggravated sexual abuse nearly 20 years ago. (*See generally* Compl., ECF 1; Ex. 1, ECF 1-1 at 11–16). In 2001, Begay pled guilty to eight criminal counts, a conviction that involved the violent rape of his former girlfriend and her cousin near Burnside, Arizona on November 10, 2000. (Ex, 1-1 at 11–16, 28–34).

      Begay now claims that the government Defendants: (1) discriminated against him because of his mental impairment; and (2) obstructed justice by concealing evidence relating to his use of adulterated marijuana and alcohol. (*See generally* Compl.). Begay also charges that the foster parents of a victim knew the judge and attorneys involved in the case and would ensure he received a "long sentence," that the grand jury foreperson and an FBI agent conspired against him, that assorted Defendants fabricated DNA evidence and evidence relating to dismissed kidnapping counts, and lastly, that his counsel's performance was deficient. (Compl., at 2–6). Taken all together, Begay has not alleged a source of substantive law that creates the right to money damages and therefore the Court has no jurisdiction to entertain Begay's claims.

      The Court recognizes that *pro se* plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). However, the Court cannot extend this leniency to relieve Begay of his jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Whether a court has jurisdiction is a *threshold* matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). "If the Court determines at

any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). That is the situation here. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (court may act *sua sponte* when jurisdiction lacking) (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998)).

"The Court of Federal Claims is a court of limited jurisdiction." *Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014). This Court resolves disputes over access to the federal government's wallet. The Tucker Act is the primary statute conferring jurisdiction on this Court. The Tucker Act waives sovereign immunity for claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; or (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States government. *Ontario Power Generation, Inc. v. United States*, 369 F.3d 1298, 1301 (Fed. Cir. 2004); *see also United States v. Navajo Nation*, 556 U.S. 287 (2009); *United States v. Mitchell*, 463 U.S. 206 (1983). Standing alone, however, the Tucker Act does not itself create a substantive right enforceable against the United States. *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007). To come within jurisdictional reach, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Begay has not done so.

A constitutional provision or statute is money mandating if it "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. at 290 (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)). Begay alleges violations of U.S. CONST. amends. I, IV, V (due process), VI, VIII, XIV, and the Privacy Act, 5 U.S.C. § 552(a). (Compl. at 4). None of these provisions are money mandating. *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir.1983) (First Amendment); *LaChance v. United States*, 15 Cl. Ct. 127, 130 (1988) (Fourth Amendment); *Leblanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fifth Amendment due process clause and Fourteenth Amendment); *Alston-Bullock v. United States*, 122 Fed. Cl. 38, 44 (2015) (collecting Sixth Amendment cases); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007 (Eighth Amendment); *Frazier v. United States*, 683 Fed. Appx. 938, 940 (Fed. Cir. 2017) (the Privacy Act). Lastly, it is not the role of this Court to review matters within purview of the district courts or to compel the production of evidence intended for an untimely and most likely an ill-fated post-conviction collateral attack. *See Shinnecock Indian Nation v. United States,* 782 F.3d 1345, 1352–53 (Fed. Cir. 2015).

Put simply, Begay's Complaint is not a dispute over monies owed by the government. Where, as here, the Constitutional and statutory provisions relied upon by a plaintiff are not money-mandating, the Court of Federal Claims lacks jurisdiction and the Complaint must be dismissed for lack of subject matter jurisdiction. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin*., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (citing *Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)). For these reasons, Begay's Complaint must be dismissed. The Clerk of the Court is directed to enter judgment accordingly with no costs awarded.

**IT IS SO ORDERED.**



*David A. Tapp*
DAVID A. TAPP, Judge